IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| Daniel R. Moxley, Inc. | * | Case No. 09-23016 |
| | | (Chapter 11) |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

DEBTOR'S PLAN OF LIQUIDATION
(June 23, 2010)

Daniel R. Moxley, Inc., the Debtor and Debtor-in-possession, proposes the following Plan of Liquidation pursuant to 11 U.S.C. § 1121(c):

ARTICLE I

DEFINITIONS

In this Plan:

1.1. <u>Allowed Administrative Expense(s) or Claim(s)</u> means all administrative expenses allowed under section 503(b) of the Code.

1.2. <u>Allowed Claim(s)</u> means a Claim: (a) if no objection to the allowance of the Claim is interposed within any applicable period of limitation fixed by Rule or an order of the Court: (i) in the amount for which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 or an Order of the Court, or (ii) in the amount scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), as such may be amended pursuant to Rule 1009 prior to the Confirmation Date, and not listed as disputed, contingent or unliquidated as to amount; or (b) if an objection to the allowance of the Claim is interposed within the applicable period of limitation fixed by Rule or order of the Court, in an amount determined by the Court by a final order allowing such Claim.

1.3. <u>Allowed Priority Claim(s)</u> means any Allowed Claim entitled to priority of payment under sections 507(a)(3) through 507(a)(7) of the Code.

1.4. <u>Allowed Secured Claim(s)</u> means an Allowed Claim secured by a valid lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under section 553 of the Code, to the extent the value (determined in accordance with section 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be.  That portion of such Allowed Claim exceeding the value of security held therefore will be an Allowed Unsecured Claim, except as modified by this Plan.

1.5. <u>Allowed Tax Claim(s)</u> means any Allowed Claim entitled to priority of payment under section 507(a)(8) of the Code.

1.6. <u>Allowed Unsecured Claim(s)</u> means an Allowed Claim against the Debtor which is not an Allowed Administrative Expense, Allowed Priority Claim or Allowed Secured Claim.

1.7. <u>Chapter 11</u> means Chapter 11 of the Code.

1.8. <u>Claim(s)</u> means any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment against the Debtor or property of the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.9. <u>Claimant</u> means a Person holding a Claim against the Debtor.

1.10. <u>Class(es)</u> means any Class into which an Allowed Claim or Allowed Interest is classified pursuant to Article II hereof.

1.11. <u>Code</u> means the United States Bankruptcy Code, 11 U.S.C §§ 101 <u>et</u> <u>seq.</u>, and any amendments thereof.

1.12. <u>Committee</u> means the Official Committee of Unsecured Creditors appointed in the Reorganization Case.

1.13. <u>Confirmation or Confirmation Date</u> means the date upon which the Order of Confirmation is entered by the Court.

1.14. <u>Court</u> means (a) the United States Bankruptcy Court for the District of Maryland, Southern Division, in which this Reorganization Case, pursuant to which this Plan is proposed, is pending; (b) any Court having competent jurisdiction to hear appeals or certiorari proceedings therefrom; or (c) any successor thereof that may be established by any Act of Congress relating to bankruptcy or the United States District Court for the District of Maryland, to the extent that the United States District Court for the District of Maryland may lawfully exercise subject matter jurisdiction over the Reorganization Case.

1.15. <u>Debtor</u> means Daniel R. Moxley, Inc.

1.16. <u>Effective Date</u> means the later of (a) thirty days following the date the Order of Confirmation becomes final and any appeal had been resolved or the time for appeal, including any extension available for excusable neglect under Rule 8002(c) has expired or (b) the date any Court order staying or otherwise precluding execution of this Plan or any part hereof has been nullified, vacated, modified or appealed, and any further appeals have been resolved or the time for any further appeal has expired.  If such day falls on a Saturday or Sunday or legal holiday, the Effective Date will mean the first business day thereafter.

1.17. <u>Executory Contract(s)</u> means all contracts, including unexpired leases, to which the Debtor is a party and which are executory within the meaning of section 365 of the Code.

1.18. <u>Final Distribution Date</u> means the date at which time all litigation matters concerning the estate and all claims objections are resolved and the funds on hand in the estate may be disbursed and the estate closed.

1.19. <u>Interim Distribution Date</u> means any date, subject to Order of the Court, upon which a portion of the funds on hand in the estate may be paid to holders of allowed claims.

1.20. <u>Order of Confirmation</u> means the order entered by the Court confirming this Plan in accordance with the provisions of Chapter 11.

1.21. <u>Person(s)</u> means an individual, corporation, partnership, joint venture, trust, estate, unincorporated organization or government or any agency or political subdivision thereof.

1.22. <u>Petition Date</u> means July 17, 2009, the date on which the Debtor filed its Chapter 11 petition with the Court.

1.23. <u>Plan</u> means this Plan of Reorganization.

1.24. <u>Professional(s)</u> means all attorneys, accountants, appraisers, consultants and other professionals retained under an order of the Court on behalf of the Debtor or any committee appointed pursuant to 11 U.S.C. § 1102.

1.25. <u>Reorganization Case</u> means Case No. 09-23016 in the Court.

1.26. <u>Rule(s)</u> means the Federal Rules of Bankruptcy Procedure, as amended and supplemented by any local bankruptcy rules adopted by the Court.

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

2.1. <u>Class 1 Claims</u>. Allowed Administrative Expenses of the Debtor's Reorganization Case allowed pursuant to section 503(b) of the Code. Class 1 Claims are not impaired.

2.2. <u>Class 2 Claims</u>. Allowed Claims entitled to priority pursuant to section 507(a)(3) through (a)(7) of the Code. Class 2 Claims, if any should exist on the Confirmation Date, are not impaired.

2.3. <u>Class 3 Claims</u>. Allowed Tax Claims entitled to priority pursuant to section 507(a)(8) of the Code. Class 3(b) Claims are impaired but not entitled to vote in connection with the Plan.

2.4. <u>Class 4 Claims</u>. All Allowed Unsecured Claims not treated elsewhere in this Plan. The Class 4 Claims are impaired.

2.5. <u>Class 5 Interests</u>. All Allowed Interests of the Debtor.

## ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS

If the Debtor does not obtain the consent of all impaired classes of creditors, the Debtor intends to rely on the provisions of section 1129(b) of the Code.

3.1.    Class 1 Claims.  Unless the holders of such Expenses agree otherwise, all Allowed Administrative Expenses will be paid in full thirty days after the Effective Date, unless otherwise agreed upon by the Person claiming such expense and the Debtor; provided, however, that (a) Administrative Expenses incurred in the ordinary course of business will be paid in the ordinary course of business, and (b) Professionals are required to apply to the Court for approval of their fees, costs, and disbursements. The fees, costs and disbursements of Professionals approved by the Court will be paid in full on the later of thirty (30) days after the Effective Date or ten days after the entry of an order allowing such payment.  Any Professional also may apply to the Court for an interim allowance of fees, costs and disbursements at any time prior to payment in full.  Interim fee allowances before the Effective Date may be paid within ten (10) days from the entry of an order allowing such payment.

3.2.    Class 2 Claims.  The holders of Class 2 Claims, unless they agree otherwise, will be paid in full thirty (30) days after the Effective Date.

3.3.    Class 3 Claims.  Holders of Class 3 Claims, unless they agree otherwise, will be paid in full thirty (30) days after the Effective Date.

3.4.    Class 4 Claims. All Allowed Unsecured Claims not treated elsewhere in this plan. On the Final Distribution Date, all allowed unsecured claims will be paid their pro rata share of the funds on hand in the estate. The Class 4 Claims are impaired.

3.5.    Class 5 Interests.  Following the Effective Date, the outstanding equity security interests in the Debtor will receive whatever funds remain in the estate after payment of all other claims, but will otherwise remain intact and unaffected by this Plan.

## ARTICLE IV

EXECUTION AND IMPLEMENTATION OF THE PLAN

4.1. The funds necessary to pay all Allowed Claims will be paid from funds on hand in the estate as of the Final Distribution Date. The Debtor or the Committee may, however, ask the Court to approve one or more Interim Distributions prior to the Final Distribution Date, if the circumstances of the Reorganization Case and the estate so permit.

4.2. Litigation actions pursuant to Chapter 5 of the Code may be prosecuted for the benefit of the estate. Both the Debtor and the Committee may initiate and prosecute any such action following Confirmation.

ARTICLE V

AMENDMENTS AND MODIFICATIONS

5.1. The Debtor reserves the right in accordance with the Code to amend and modify this Plan prior to the Confirmation Date. After the Confirmation Date, the Debtor may, upon order of the Court, in accordance with section 1127(b) of the Code, remedy any defects or omissions or reconcile any inconsistencies in this Plan in such manner as may be necessary to carry out the purposes and intent of this Plan.

ARTICLE VI

EXECUTORY CONTRACTS

6.1. Unless assumed by the Debtor prior to the Effective Date, all Executory Contracts will be rejected upon Confirmation.

ARTICLE VII

RETENTION OF JURISDICTION

The Bankruptcy Court will retain jurisdiction for the following purposes until such time as the Debtor's obligations under the Plan are fully discharged and the Court enters the final order terminating the Reorganization Case:

7.1. Classification of a Claim and the reexamination of a Claim which may have been allowed for the purposes of voting and the determination of such objections as may be filed to Claims. The failure by the Debtor to object to or to examine any claims for the purposes of voting will not be deemed to be a waiver of the Debtor's right to object to or to reexamine the Claims in whole or in part. The Debtor may object to any Claim within ninety (90) days after the Confirmation Date.

7.2. Determination of all questions or disputes regarding title to the assets of the Debtor and determination of causes of action, preferences, fraudulent conveyances, controversies, disputes or conflicts, whether or not subject to action pending as of the Confirmation Date, between the Debtor and any other party.

7.3. Correction of any defect, curing of any omission or the reconciliation of any inconsistencies in this Plan, or in the order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan.

7.4. Enforcement and interpretation of the terms and conditions of this Plan.

7.5. Entry of an order including injunctive relief necessary to enforce the rights, title, interests and powers of the Debtor and such limitations to, restrictions on, or terms and conditions of such rights, title, interests, and powers which the Court may deem necessary.

7.6. Entry of an order completing and terminating this Reorganization Case.

7.7. Adjudication of actions pursuant to the avoiding powers contained in Sections 544 through 553 of the Code.

7.8. Such other purposes as the Court deems necessary and reasonable to carry out the intent and objectives of this Plan.

7.9. Nothing in this plan shall be construed to limit or restrict the powers of the Liquidating Trustee hereunder. Wherever in this plan the debtor is vested with a power or right the Liquidating Trustee shall also be so vested.

ARTICLE VIII

## MISCELLANEOUS PROVISIONS

8.1. All pre-confirmation fees payable to the United States Trustee, pursuant to 28 U.S.C. § 1930, shall be paid on or before the Effective Date of the Plan. After confirmation, the Committee shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930, and shall file post-confirmation reports every (6) months until a final certification and report is filed as required by the applicable bankruptcy rule. For purposes of this provision, disbursements include all disbursements made by the estate, whether pursuant to this Plan or otherwise.

Dated:  June 23, 2010                                          DANIEL R. MOXLEY, INC.


/s/
Ronald J. Drescher
Drescher & Associates, P.A.
4 Reservoir Circle
Suite 107
Baltimore, MD 21208
(410) 484-9000

Counsel for Debtor